ENTERPRISE ENGINE CO. (HOYT, SHEPSTON & SCIARONI) *v.*
UNITED STATES

**No. 5952.**—Invoice dated Baden, Switzerland, December 20, 1939.
Certified December 22, 1939.
Entered at San Francisco, Calif., March 4, 1940.
Entry No. 6673.

(Decided November 17, 1943)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General *(Daniel I. Auster,* special attorney),
for the defendant.

OLIVER, Presiding Judge:   This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That the merchandise involved in this appeal, and represented by the items marked "A" on the invoice and checked by Examiner E. H. Weber, consists of a supercharging blower of the same character and description as that covered by *U. S.* v. *Rohner Gehrig & Co., Inc.,* Reap. Dec. 5724, and which was appraised on the same basis, the issue herein being the same as the issue in the above case, and that the record in that case may be incorporated herein.

(2) That the appraised value of the items marked "A" on the invoice, less the addition of $1,250 made by the importer under certificate of pending reappraisement to cover an engineering fee, represents the export value of such merchandise under the decision above referred to, and that there was no higher foreign value at the time of exportation.

(3) That the appeal is abandoned as to all merchandise not marked "A," and that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoice by the items marked "A" and checked by Examiner E. H. Weber, and that such values are the appraised values, less the addition of $1,250 made by the importer under certificate of pending reappraisement to cover an engineering fee.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.